## DI MARCO v. PRIOLA.

### No. 981.

Court of Appeal of Louisiana. First Circuit.

May 3, 1932.

Rownd & Warner, of Hammond, for appellant.

B. M. Harvard, of Hammond, for appellee.

**ELLIOTT, J.**

Joe Di Marco alleges that Joe Priola is indebted unto him on two notes; one for $90.31 and another for $176, a total of $247.58 with interest and attorney's fees thereon, said notes representing advances to enable defendant to make a strawberry crop.

That Joe Priola has property within the jurisdiction of the court, which he is disposing of, or is about to dispose of, with intent to defraud the petitioner.

That he was about to convert his property into money or evidences of debt, with intent to place it beyond the reach of petitioner by shipping his strawberries in the name - of Philip Priola through the Farmers' Co-operative Association, a corporation domiciled and doing business in the city of Hammond, La.

The plaintiff caused a writ. of attachment to issue under which a strawberry crop, together with a number of checks, were seized and held to pay the amount due him.

Joe Priola made no appearance, but Philip Priola intervened and opposed the seizure on the ground that the property belonged to him and that Joe Priola had no interest therein.

Intervener prayed that the attachment be dissolved, that his title be recognized, and that the property be restored to him. He claims $100 on account of damages to his good name and reputation, $100 on account of damages to his strawberry crop, resulting from the seizure, and $50 on account of attorney's fees, a total of $250.

There was judgment in favor of the plaintiff and against Joe Priola for $247.58 with interest and attorney's fees, and against the plaintiff and in favor of Philip Priola dissolving the attachment, recognizing Philip Priola as the owner of the property seized and awarding him $50 damages on account of the wrongful and illegal seizure.

The plaintiff has appealed.

Joe Priola is the son of Philip and the testimony shows that Sam Priola, who appeared as a witness in the case, is also a son of Philip; that the three are strawberry farmers, and live close to each other on small adjoining strawberry farms.

Joe Priola testifies that plaintiff advanced him on his crop to the extent stated. There is no dispute on that subject.

Joe Priola, Philip, his father, and Sam, his brother, all say in effect that Joe Priola had 2 acres which he cultivated in strawberries; one acre double. That Philip Priola had 1¾ acres double and that Sam had about 1½ acres, some of which was double. The word "double" means that there were two rows of berries on one row of ground.

The defendant further testifies that he used 2 tons of fertilizer, using 1½ tons on his strawberries and the balance on his beans. As a witness he claimed that he did not know how many empty strawberry crates he had bought nor how many crates of berries he had raised on the 2 acres of ground which he had cultivated; but he declares that he shipped all of the berries grown on the ground which he cultivated through the plaintiff Di Marco and that none were shipped in his father's name.

His father and his brother Sam also professed not to know how many empty crates they had bought nor how many crates of berries had been raised and sold from the 1¾ acres which the father cultivated, nor on the 1½ acres which Sam had cultivated.

Philip Priola testified that all the berries he sold had been raised on the 1¾ acres which he had cultivated. He is corroborated in this statement by Joe and Sam, and there is no evidence to the contrary.

The strawberries from the Priola farms were all hauled to the market with the same one-horse wagon. Some days the wagon made three trips a day; sometimes two; now and then one. It was shown by a witness not interested in the outcome of the suit that Joe Priola purchased 565 empty strawberry crates on a credit, Sam 400, but the number purchased by Philip Priola was not shown. The evidence indicates that he must have paid cash if he bought any.

It was also shown that Joe Priola bought 23 sacks of fertilizer of one kind, 26 of another, and 4 of another. That Sam bought 20 sacks of one kind, 20 of another, 3 of another, and 3 of another. That Philip bought 5 sacks of one kind and 5 of another.

It was shown that Joe Priola brought to market, as coming from his 2 acres, 198 crates and 13 pints of strawberries. Sam brought as coming from his 1½ acres, 127 crates, and that there was shipped, supposedly from the 1¾ acres of Philip Priola 1,100 crates and 8 pints.

The showing resulting from these facts and figures is impressive, but there is nothing to enable us to satisfactorily say that the berries and checks seized and attached as the property of Joe Priola or any part of them actually belonged to him, save the quantity shipped from the area cultivated by them.

If the testimony of Philip, Joe and Sam be disregarded, it would still appear that some of the berries or checks seized must have belonged to Philip and some to Sam, and nothing indicates what part of the berries or checks belonged to Joe and what part to Philip and Sam. In such a situation the lower court properly dissolved the attachment.

The plaintiff's prayer in his petition against Joe Priola is for judgment against him for the amount due, sustaining the attachment.

In his answer to the intervention of Phil-

ip Priola he prays that the berries and checks seized be decreed to be the property of Joe Priola and that intervener's demand be rejected. There is no further prayer and there is not sufficient proof to enable us to handle the case as if it was a tort action against Joe Priola and Philip Priola in solido under Civil Code, art. 2315, such as was before the court in Hyman v. Hibernia Bank & Trust Co., 144 La. 1074, 81 So. 718.

But as it is there is so much ground for skepticism in connection with Philip Priola's ownership that we conclude that the dissolution of the attachment is a sufficient award in his favor; and that he is not entitled to any damages.

For these reasons the judgment appealed from, to the extent that it awards Philip Priola $50 damages against Joe Di Marco, is annulled, avoided, and set aside. In all other respects the judgment appealed from is affirmed. The intervener and third opponent pay the cost of appeal.